Herminio Nevarez NEVAREZ; Aracely Y. Nevarez, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 04–75914, 05–73877.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006 *.

Filed Nov. 15, 2006.

Frank H. Kim, Esq., San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Levings, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Herminio Nevarez Nevarez and Aracely Y. Nevarez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. To the extent that we have jurisdic-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider. *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001) (en banc). We deny in part; dismiss in part; and grant in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because the motion was filed more than two months after the 90 day time limit had expired. *See* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen before the BIA must be filed within 90 days of the final administrative decision); *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (this court will reverse a denial of a motion to reopen only if arbitrary, irrational, or contrary to law).

Petitioners have waived any challenge to the BIA's underlying order denying their applications for cancellation of removal by failing to raise any arguments in their opening brief challenging that order. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues which are not specifically raised and argued in a party's opening brief are waived).

Petitioners' contention that the BIA violated their due process rights by denying the untimely motion to reopen does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The BIA's November 3, 2004 order summarily affirming the immigration judge's ("IJ") underlying decision denying cancellation of removal improperly "reduced the voluntary departure period granted by the IJ from 60 to 30 days." *See Padilla–Padilla v. Gonzales*, 463 F.3d 972, 980 (9th

Cir.2006). We grant the petition and remand to the BIA for further proceedings with respect to voluntary departure. *See id.* at 981–82 ("because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**